DÍAZ ET AL., APPELLANTS, *v.* REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registry of Property of San German refusing to record hereditary property.

No. 177.—Decided May 7, 1914.

INHERITANCE TAX—RECORD OF HEREDITARY TITLE—TAX RECEIPT—PROOF OF EX- EMPTION FROM TAX.—For the purpose of recording in their names a deter- minate joint-ownership in hereditary property the appellants in this case presented to the Registrar of Property of San Germán the will of their ancestor in which said ancestor named his legitimate children and his widow, the appellants, as his heirs and also left a legacy of $5,000 to a child. The registrar refused to record the said joint-ownership for the reason that neither a receipt showing that the inheritance tax had been paid nor a document showing that the property was exempt from the payment of said tax was pre- sented. *Held:* That in view of the circumstances of the case the registrar was justified in his refusal.

The facts are stated in the opinion.

*Mr. Benito Forés* for the appellants.

Mr. Rafael B. Sama, the registrar, filed a brief *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

A copy of the will executed by Ulises López Carlo, accom- panied by an application for the admission to record of the undivided half of a certain rural property in the names of the heirs of López Carlo, having been presented in the regis- try, the registrar refused to admit the same to record for the reasons stated in the following decision, from which the present administrative appeal was taken:

"Admission to record of the foregoing document is denied as to a 'rural property'—I mean the undivided half of a rural property— of ten *cuerdas* situated in the ward of Parguera, municipal district of Lajas, which belonged to Ulises López y Carlo, deceased, after considering an application for its admission to record containing a

description of the property, because of the defect of failure to comply with the mandatory provision of section 372 of the Political Code to show that the inheritance tax has been paid in full on the estate of the deceased or that the estate has been declared to be exempt therefrom. In lieu' thereof a marginal note, letter A, is entered for 120 days in the name of the widow and children of the testator in whose name the record of the undivided interest has been requested, on folio 31, over, of volume 6 of Lajas, Estate No. 290.''

By his will López Carlo leaves all his property to his wife and legitimate children, the appellants herein, and adds the following:

''Conditional legacy.—From that part of my capital which the law allows me to dispose of freely I bequeath and devise conditionally the sum of $5,000 in real estate to the boy called Marco Antonio living with us whom we have raised from childhood and for whom I profess affection, in order that the income from the said sum may support and educate him properly, and for this purpose I name as his tutor and the administrator of the said legacy, first, my son Ulises Antonio Ladislao, and in case of his death, my other son Ernest. If, unfortunately, the said Marco Antonio should die before coming of age without legitimate or natural descendants, and, consequently, without having received the said legacy, I leave the said legacy in its entirety and in equal shares to my lawful heirs named in the fourth clause of this will.''

The appellants contend that the legacy is conditional and of a personal nature for the reason that more than 120 days have elapsed without the entry of a cautionary notice thereof on the record of property inherited. However, according to the will the legacy consists of ''$5,000 in real estate'' and the fact of the failure to enter' the cautionary notice should not be invoked at least in favor of one of the petitioners who was designated by the testator himself to safeguard the interests of the boy Marco Antonio.

The appellants further contend that the boy Marco Antonio may be regarded as an adopted son and that therefore his legacy is exempt from the payment of the inheritance tax.

Section 368 of the Political Code, already cited, employs the words, "or person legally recognized as an adopted child of the decedent." From the wording of the will it cannot be deduced that such is the status of the boy Marco Antonio.

And, finally, the appellants contend that this case should be decided in their favor in accordance with the jurisprudence established by this court in *Calder* v. *The Registrar,* 17 P. R. R., 4, as follows:

"In testamentary proceedings had upon the demise of Fernando Calder, appellant's father, a parcel of land was apportioned to said appellant, and the testamentary operations having been approved, a copy thereof was presented at the registry for record of appellant's portion. This was refused by the registrar because it had not been shown that the heirs of Enriqueta Calder, who had also inherited from Fernando Calder, had paid the inheritance tax due upon her death. *Held:* That inasmuch as the tax due with reference to the portion of the inheritance of appellant's father had been paid, his portion was recordable without prejudice to such action as might be proper when the operations referring to the portion of the inheritance of Enriqueta Calder were presented for admission to record." (Syllabus.)

As may be seen from a simple summary, the case of Calder is different from the one we are now to decide. The heirs of López Carlo have here applied for admission to record of a small property in their names and thus they could continue asking for the admission to record of the other properties which form the whole inheritance and elude not only compliance with the intention of the Legislature in requiring the payment of the inheritance tax before the transfer of the property to the heirs is recorded in the registry (sections 376 and 379 of the Political Code), but also the will of the testator himself as regards the legacy of $5,000 in real property which he left to the boy Marco Antonio.

We are not called upon to decide in this case whether the estate of López Carlo should or should not pay eventually in some form the taxes exacted by Chapter III, Title IX of the

Political Code. This is an administrative appeal and that question may result in a controversy between the Treasurer of Porto Rico and the interested parties. It is only our duty to decide, as we do, that the registrar was justified, in view of the attendant circumstances, in requiring a receipt for the payment of the inheritance tax on the estate or a document showing that the Treasurer deemed the property exempt from such payment, before proceeding to make the record applied for.

The decision appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.